

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-8-2005

# Blakeney v. Dauphin Cty Prison

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1980

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Blakeney v. Dauphin Cty Prison" (2005). *2005 Decisions.* Paper 137.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/137

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-25                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1980
_____

HERBERT J. BLAKENEY,

Appellant

v.

DAUPHIN COUNTY PRISON; DOMINICK L. DEROSE; DEPUTY WARDEN
ELIZABETH NICHOLS; LENNY CARROLL; CO EYONE; CO JAMES W.
HECKARD, JR.; CO LEFFLER; CO SINGULTON; ANGELA L. SWONSON; CO
JOHN DOE 1; CO JOHN DOE 2; CO JOHN DOE 3; CO JOHN DOE 4; CO JOHN DOE
5; CO JOHN DOE 6; CO JOHN DOE 7, Each of Them in His or Her Official Capacity
and Individually; SCOTT K. LEWIS

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-cv-02423)
District Judge:  Honorable John E. Jones, III

_____

Submitted Under 28 U.S.C. § 1915(e)(2)(B)
October 20, 2005
ROTH, FUENTES AND VAN ANTWERPEN, CIRCUIT JUDGES

(Filed December 8, 2005)
_____

OPINION
_____

PER CURIAM

Appellant Herbert J. Blakeney appeals from a District Court order granting in part

the Defendants' motion for summary judgment and dismissing the remaining claims as

frivolous. The appeal is frivolous, and we will dismiss pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The parties are familiar with the facts, thus we only briefly recite them here. On February 2, 2000, Blakeney was arrested and charged with the murder of his fourteen-month-old baby. During the arrest, he was involved in a shoot-out with police and sustained multiple gunshot wounds. He was taken to a hospital where he stayed until February 6, when he was transferred to Dauphin County Prison to await trial. Prison medical staff soon diagnosed Blakeney with serious psychological problems including hallucinations, suicidal thoughts, anger, and dementia. He also refused to accept medical treatment, prompting medical personnel to obtain an emergency treatment order.

On February 10, Blakeney's aberrant behavior worsened. During an outburst, Blakeney attempted to assault an attending psychiatrist, then exposed himself and tried to stab himself with a pencil. He was placed in a restraint chair, a device used by the prison to briefly subdue unruly or aggressive inmates. Over the course of the next four days, Blakeney was periodically placed in the restraint chair because of his assaultive and disobedient conduct. He was uncooperative, physically aggressive, and a risk to his own recovery. By February 14, 2000, Blakeney's aggressive episodes ceased and he was soon transferred to a State forensic hospital for a competency evaluation. The hospital staff performed a routine physical and reported no injuries other than those suffered during the initial confrontation with the police.

2

After exhausting his state remedies, Blakeney filed suit under 42 U.S.C. § 1983 alleging a myriad of unconnected First and Fourteenth Amendment violations. Despite numerous errors in the complaint, the District Court allowed Blakeney to proceed with the excessive force claim. Specifically, Blakeney alleged that between February 10-14, a number of correctional staff and medical personal physically and verbally assaulted him by hitting and macing him, placing his hands in urine, improperly using the restraint chair, subjecting him to excessive and improper medication, and conducting a mock trial, in which the guards threatened to kill him.

After nearly three years of discovery, numerous pleadings, and several interlocutory appeals, the District Court granted in part the Defendants' motion for summary judgment and dismissed the remaining claims as frivolous under § 1915(e)(2)(B), concluding that the correction officers used only the force necessary "to subdue [Blakeney] and maintain security and order in pursuit of a valid prison goal . . . ." Blakeney v. Dauphin County Prison, No. 01-cv-02423, slip op. at 25 (M.D. Pa. Mar. 22, 2005). Blakeney appealed and moved for the appointment of counsel.[1]

An appeal is frivolous if it lacks an arguable basis in fact or law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). "When excessive force is alleged in the context of a of a prison disturbance, the . . . inquiry is 'whether force was applied in a good-faith

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the grant of a motion for summary judgment and apply the same test as the District Court. See Wastak v. Lehigh Valley Health Network, 342 F.3d 281, 285 (3d Cir. 2003).

effort to maintain or restore discipline, or maliciously and sadistically to cause harm,'" and whether the injury is more than de minimus. See Fuentes v. Wagner, 206 F.3d 335, 345 (3d Cir. 2000) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992).

Blakeney's claims fall into two categories, disputed and undisputed claims. The disputed claims include allegations of unjustified physical attacks, the placing of Blakeney's hands in urine, and verbal abuse. The undisputed claims include the use of mace, the restraint chair, and heavy doses of medication. After carefully reviewing the record, we agree with the District Court that both categories of Blakeney's claims are completely lacking in merit.

With respect to the disputed claims, none are supported by the record. There is no evidence that Blakeney sustained any new injuries as the result of an alleged beating, and although the record shows that Blakeney urinated on himself while in the restraint chair, his hands or bandages were never reportedly covered in urine. Blakeney's allegations are further undercut by his admission that because he was heavily medicated, he remembers very little from the period, including who allegedly assaulted him or when it occurred. Thus, the District Court correctly concluded that no genuine issue of material fact exists.

His remaining claims lack any basis in law. The evidence overwhelmingly shows that Blakeney was aggressive, partly delusional, and a danger to himself and others. The prison staff's use of mace, intensive medication, and the restraint chair, were all reasonable methods under the circumstances for controlling an otherwise out of control

4

inmate. We see no evidence that the Defendants' actions were malicious or sadistic.

Blakeney fails to present a dispute over a genuine issue of material fact. The appeal is patently frivolous. Accordingly, we will dismiss the appeal under § 1915(e)(2)(B)(i). Appellant's motion for appointment of counsel on appeal is denied as moot.